U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 11 2012
CLERK, U.S. DISTRICT COURT
by_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:12-CV-209-A |
| | § | (NO. 4:10-CR-172-A) |
| | § | |
| MARK AARON COKER | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Mark Aaron Coker, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having considered the motion, the record in this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On December 9, 2010, movant pleaded guilty without a plea agreement to one count of possess and utter a counterfeited security, in violation of 18 U.S.C. § 513(a). On April 1, 2011, the court sentenced movant to thirty-six months' incarceration with the Bureau of Prisons, to be served consecutively to any sentence imposed as a result of then-pending state court charges, to be followed by a three-year term of supervised release. Movant did not appeal.

II.

Grounds of the Motion
====================

Movant sets forth two separate grounds for relief in the motion. As to the first ground, movant contends the facts supporting his "exceptional sentence"--including the court stacking his federal sentence on unimposed state sentences and departing above the guideline range--were neither admitted by him nor found by a jury, in violation of his Sixth Amendment right to trial by jury. Mot. at 7.

As to the second ground, movant alleged that the court rendered an unconstitutional sentence by stacking the sentence on pending state charges for which he had not yet been convicted.

As the factual basis for ground one, movant maintained that the court improperly considered and relied on the pending state charges in departing from the guideline range to increase his sentence. The factual basis for ground two is similar, with movant alleging that the court improperly considered the pending state charges and stacked his federal sentence on any future conviction stemming from those charges.

In a separate brief in support of the motion, movant expanded somewhat on his allegations. He alleged that the recommended sentencing range was twenty-one to twenty-seven

2

months; however, the court improperly increased his sentence by nine months based on the pending state court charges.

### III.

### Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

IV.

<u>None of the Grounds Has Merit</u>

The sum of movant's claims is that any facts used in determining his sentence must be found by the jury, rather than the court, and thus the court impermissibly relied on his pending state court charges in sentencing him outside the guideline range and impermissibly stacked his federal court sentence on pending state charges. Neither of movant's claims has merit.

"The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir. 2005). Thus, movant's contention that the court relied on facts not found by a jury in imposing his sentence is without merit.

Further, as described <u>infra</u>, the court relied on the presentence report in deciding to increase movant's sentence outside the guideline range. A "presentence report generally bears sufficient indicia of reliability to be considered as evidence by the trial judge in making the factual determinations required by the sentencing guidelines." <u>United States v. Alford</u>, 142 F.3d 825, 831-32 (5th Cir. 1998) (citation omitted). Thus,

4

it was no error for the court to rely on the facts established by the presentence report.

The record also fails to support movant's contention that the court increased his sentence outside the guideline range on the basis of the pending state charges. By order signed March 28, 2011, the court informed the parties it had tentatively concluded that it should sentence movant to a term of imprisonment significantly above the top of the guideline range "for the reasons given by the probation officer in paragraphs 110 and 111 of the presentence report." Mar. 28, 2011 Order. Paragraphs 110 and 111 addressed factor that possibly warranted an upward departure and/or a sentence outside the advisory guideline range, including the fact that movant's criminal history category substantially under-represented the seriousness of his likelihood to commit other crimes; that his past opportunities on probation, supervised release, and brief periods of incarceration for similar offenses had failed to deter him from illegal actions; and that movant represented a substantial risk of harm to the public due to the nature of his crime. Nowhere in paragraphs 110 or 111 is consideration given to movant's pending state charges. The sentence imposed on movant of thirty-six months was consistent with the admonishments in the

court's March 28, 2011 order.

Movant's complaint that the court erred in stacking his federal sentence on pending state charges also affords him no relief. The United States Supreme Court recently affirmed the sentencing court's discretion to order that a term of imprisonment run consecutively to a not-yet-imposed state sentence. <u>United States v. Setser</u>, ---U.S.---, Case Number 10-7387, 2012 WL 1019970 at *3, *8 (Mar. 28, 2012).

V.

ORDER

Therefore,

The court ORDERS that the motion of Mark Aaron Coker to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED April 11, 2012.

_____
JOHN McBRYDE
United States District Judge